# EXHIBIT A

Scott K. Risley
P.O. Box 684
Rimrock, Arizona 86335
(928) 925-5972
scott.k.risley@gmail.com
Plaintiffs *Pro Per*

## ARIZONA SUPERIOR COURT

### YAVAPAI COUNTY

| | |
|---|---|
| SCOTT K. RISLEY, an individual, | Civil Action No. V1300CV 201380107 |
| Plaintiffs, | **SUMMONS** |
| v. | (Unclassified Civil) |
| FINANCIAL AID MANAGEMENT FOR EDUCATION, INC., a Florida corporation; COAST PROFESSIONAL, INC., a Nevada corporation; and DOES I-X | |
| Defendant. | |

**THE STATE OF ARIZONA TO:**   Coast Professional, Inc.
c/o GKL Registered Agents/Filings, Inc.
**Statutory Agent**
1000 East William Street, Suite 204
Carson City, Nevada 89701

YOU ARE SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona -- whether by direct service, by registered or certified mail, or by publication -- you shall appear and defend within 30 days

after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete upon the date of receipt by the party being served. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. RCP 4; A.R.S. §§ 20-222, 28-502, 28-503.

**YOU ARE NOTIFIED HEREBY** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff. RCP 10(d); A.R.S. § 12-311; RCP 5.

The names and address of plaintiff is:

> Scott K. Risley
> P.O. Box 684
> Rimrock, Arizona 86335

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

SIGNED AND SEALED this date: MARCH 13, 2013.

Sandra K. Markham, Clerk

By: C Fleek
Deputy Clerk

-2-

Scott K. Risley
P.O. Box 684
Rimrock, AZ 86335
928-925-5972
scott.k.risley@gmail.com

Plaintiff *Pro Per*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| SCOTT K. RISLEY, an individual, | V1300CV 201380187 |
| Plaintiff, | No. _____ |
| vs. | Division ____ |
| FINANCIAL AID MANAGEMENT FOR EDUCATION, INC., a Florida corporation; COAST PROFESSIONAL, INC., a Nevada Corpoaration; and DOES I-X, | **CERTIFICATE ON COMPULSORY ARBITRATION** |
| Defendant. | |

The undersigned certifies that this case is NOT subject to Uniform Rules of Procedure for Arbitration as the Complainant is seeking declaratory relief.

DATED this _____ day of March, 2013.

Scott K. Risley
P.O. Box 684
Rimrock, Arizona 86335
Plaintiff *Pro Per*

1

ORIGINAL FILED THIS MAR 1 3 2013
DAY OF _____
SANDRA K MARKHAM
Clerk of Superior Court
By: __C. Flick__
Deputy

Scott K. Risley
P.O. Box 684
Rimrock, Arizona 86335
(928) 925-5972
scott.k.risley@gmail.com
Plaintiffs *Pro Per*

## ARIZONA SUPERIOR COURT

### YAVAPAI COUNTY

| | |
|---|---|
| SCOTT K. RISLEY, an individual, | Civil Action No. V1300CV201380107 |
| Plaintiffs, | **COMPLAINT** |
| v. | (Unclassified Civil) |
| FINANCIAL AID MANAGEMENT FOR EDUCATION, INC., a Florida corporation; COAST PROFESSIONAL, INC., a Nevada corporation; and DOES I-X | |
| Defendant. | |

Plaintiff, as and for his Complaint, alleges as follows:

1. Plaintiff is a married man and a resident of Yavapai County, Arizona.

2. Defendant FINANCIAL AID MANAGEMENT FOR EDUCATION, INC. (hereinafter "FAME"), is a Florida corporation which does business in Yavapai County, Arizona.

3. Defendant COAST PROFESSIONAL, INC. (hereinafter "Coast"), a Nevada corporation is a Florida corporation which does business in Yavapai County, Arizona.

4. This Court has jurisdiction pursuant to the Arizona Constitution and venue is proper in this Court pursuant to A.R.S. §12-401.

5. An organization known as the "Dougherty Foundation" loaned the principal sum of $2,000 to Plaintiff.

6. The loan was not due and payable until six (6) months after Plaintiff graduated from the doctorate program at Northern Arizona University.

7. Plaintiff has not graduated from the doctorate program at Northern Arizona University.

8. The loan made by the Dougherty Foundation to the Plaintiff is not due and payable a this time.

9. The loan made by the Dougherty Foundation to the Plaintiff is in good standing.

10. Plaintiff has fully and completely complied with all terms and conditions of the loan made to him by the Dougherty Foundation.

11. Defendant FAME acted as an agent for the Dougherty Foundation in connection with servicing the loan from the Dougherty Foundation to Plaintiff and also served as a collection agency in connection with this same loan.

12. On or about March 13, 2009, Defendant FAME wrote to Plaintiff announcing its belief that Plaintiff had graduated from NAU.

13. Plaintiff wrote to Defendant FAME on April 5, 2009 advising Defendant FAME that he had not graduated and that the Dougherty Foundation loan was therefore not due and payable as of that date, not had the "grace period" under the loan begun. See **TAB 1** hereto.

14. Defendant FAME did not respond to Plaintiff's April 5, 2009 letter.

15. Defendant FAME, without notifying Plaintiff, unilaterally placed Plaintiff's Dougherty Foundation loan into default in October, 2010.

16. Prior to February 7, 2011, Plaintiff attempted to obtain credit and was advised that Defendant FAME had reported to all national credit reporting services that Plaintiff's loan was in default and had been in default since October, 2010.

17. On February 7, 2011, Plaintiff wrote to Defendant FAME providing proof that he was still enrolled at NAU, had not graduated and asking Defendant FAME to correct its records to reflect that Plaintiff's loan was not yet due and payable, was in good standing and demanding that Defendant FAME correct it's false reports to all national credit reporting services. See **TAB 2** hereto.

18. Defendant FAME never responded to Plaintiff's February 7, 2011letter and never corrected the false reports made to national credit reporting services that Plaintiff's loan was in default and had been in default since October, 2010.

19. Sometime between February 7, 2011 and July 14, 2011, Defendant FAME hired Defendant Coast to engage in collection activities against Plaintiff.

20. On July 14, 2011, Plaintiff wrote to Defendant Coast, disputing Defendant FAME's claim, demanding statutory verification of the claimed debt, providing copies of his two previous letters (with all attachments), demanding again that Defendant FAME correct its records to reflect that Plaintiff's loan was not yet due and payable, was in good standing and demanding that Defendant FAME correct it's false reports to all national credit reporting services. See **TAB 3** hereto.

21. Neither Defendant FAME nor Defendant Coast responded in any manner to Plaintiff's July 14, 2011 letter.

22. Plaintiff's July 14, 2011 letter invoked all of his rights under the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692-1692o (the "FDCPA").

23. Notwithstanding Plaintiff's repeated correspondence, the evidence Plaintiff provided to prove he still had not graduated from NAU and his formal request for debt verification pursuant to the FDCPA, Defendant FAME and Defendant Coast continue to report to all national credit reporting services that Plaintiff's loan is in default and has been in default since October, 2010.

24. On March 7, 2013, Plaintiff contacted Wells Fargo in an attempt to arrange mortgage financing for the purchase of a new home.

25. In connection with this attempt to secure credit, Plaintiff discovered that the false reports related to the Dougherty Foundation loan which have been made and are being made by Defendants have so damaged his credit score that Plaintiff cannot receive a loan for the purchase of his home through Wells Fargo on any terms whatsoever.

26. The actions Defendants above violate the Fair Debt Collection Practices Act and/or A.R.S. §32-1051.

27. Plaintiff is entitled to statutory damages from both Defendants for each discrete violation of the Fair Debt Collection Practices Act.

28. Plaintiff is entitled to this Court's Order declaring that Plaintiff owes nothing to Defendants, pursuant to A.R.S. §12-1831, et. seq.

29. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to A.R.S. §12-341.01 because, upon information and belief, Defendants argue that their invalid claim arises out of a contract.

WHEREFORE, Plaintiff prays for judgment as follows:

A. For an award of statutory damages of $1,000 for each discreet violation of the Fair Debt Collection Practices Act;

B. For Plaintiff's actual damages in an amount to be determined at trial but in no event less than the additional cost to Plaintiff of financing for his new home;

C. For this Court's Order declaring that Plaintiff owes no money to Defendants;

D. For this Court's Order directing Defendants to remove any and all negative reports related to the loan from any and all national credit reporting agencies;

E. For Plaintiff's reasonable attorneys' fees and costs of suit pursuant to A.R.S. §12-341.01; and

F.  For such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED this 13th day of March, 2013.

_____
Scott K. Risley
Rimrock, Arizona 86335
Plaintiff *Pro Per*

# Scott k. Risley

Email: Scott.Risley@azbar.org

P.O. Box 684
Rimrock, Arizona 86335
Telephone (928) 925-5972
Telefax (928) 636-5409

April 5, 2009

FAME
Dougherty Foundation - Private Loan Fund
P.O. Box 39335
Ft. Lauderdale, Florida 33339-9335

Re: Scott Risley - Your Account Number 07-003075

Ladies and Gentlemen:

I have received some recent correspondence from you which indicates that you incorrectly believe that I have graduated from Northern Arizona University. Your March 13, 2009 "Grace Period Notice" is in error. I received correspondence from FAME last fall indicating that FAME believed that had graduated. I arranged for Northern Arizona University to send to FAME a certificate confirming that I continue to be enrolled in classes.

It appears that the certification which Northern Arizona University provided to you has been misplaced or misfiled. I am still working to complete my Ph.D. I presently do not expect to graduate before December 2009. Please correct your records to reflect that my loan remains in deferment and that my grace period has not yet begun.

Thank you.

Very truly yours,

Scott K. Risley

**Tab 1**

# Scott k. Risley

Email: Scott.Risley@azbar.org

P.O. Box 684
Rimrock, Arizona 86335
Telephone (928) 925-5972
Telefax (928) 636-5409

February 7, 2011

FAME
Dougherty Foundation - Private Loan Fund
P.O. Box 39335
Ft. Lauderdale, Florida 33339-9335

Re:   Scott Risley - Your Account Number 07-003075

Ladies and Gentlemen:

I wrote to you on April 5, 2009 to remind you that I had not yet completed my Ph.D. In response I received the enclosed letter indicating that you understood that Northern Arizona University failed to provide you with updated enrollment information for my file. I assumed that once your office was aware of NAU's problems in this area that you would be sure to contact NAU to confirm my graduation status before reporting a delinquent account on my credit report.

Please also find enclosed a tax document which I received this week. This document confirms that I was enrolled in, and paid tuition for, fall semester 2010. That semester concluded in December, 2010. I am also attending classes in the spring semester 2011, which began in January, 2011.

I attempted to obtain credit recently and only then did I discover that FAME had incorrectly reported my account to be delinquent when in fact I am not obligated to begin payments until I have graduated. I am still working to complete my Ph.D. I presently do not expect to graduate before August, 2011. Please correct your records to reflect that my loan remains in deferment and that my grace period has not yet begun. Also please remove all of the extremely damaging information FAME has reported on my credit report.

Tab 2

FAME
Dougherty Foundation - Private Loan Fund
February 7, 2011
Page 2

Thank you.

Very truly yours,

Scott K. Risley

# Scott K. Risley
P.O. Box 684
Rimrock, Arizona 86335

July 14, 2011

Leandrekia Reitzell
COAST PROFESSIONAL, INC.
P.O. Box 2876
West Monroe, Louisiana 71294-9945

Re:   FAME - Dougherty Foundation

Ms. Reitzell:

Please be advised I dispute your claim that she I any money to your firm or to FAME or to the Dougherty Foundation. Accordingly, please provide verification of this claim.

Please also be advised that "verification" must include all documents and other evidence of any kind or nature which you contend supports any claim in any way, including but not limited to itemized billing statements. If the documentation you provide fails to support any claim in full, I will consider that claim to have been withdrawn.

Enclosed with this letter is a copy of a letter I wrote to FAME, as collection agent for the Dougherty Foundation on February 7, 2011. In it, I reiterated the information I provided FAME on April 5, 2009 to the effect that I am still enrolled in the graduate program at Northern Arizona University. As the enclosed letter indicates, I advised FAME five (5) months ago that I would not be graduating until at least August, 2011. In fact, after meeting with my dissertation committee this spring, that date has been pushed back to December, 2011.

Accordingly, my Dougherty Foundation loan should have always remained, and should still remain, in "enrolled" status. Therefore, your repeated calls and letters, as well as the exorbitant "collection fee" your firm has unilaterally imposed without any legal authority to do so, are entirely

**Tab 3**

**SCOTT K. RISLEY**

Leandrekia Reitzell
COAST PROFESSIONAL, INC.
March 7, 2013
Page 2

inappropriate. Please contact FAME immediately and advise them, once again, of the material contained in this letter and also in the enclosed letter.

You are also advised pursuant to the federal Fair Debt Collection Practices Act that (i) *you are not to contact me* except to provide the verification I have requested or to advise me that no further collection action will be taken and (ii) no telephone calls which you place to me or will be accepted or returned. It has been my experience that when dealing with collection agencies it is in my best interest to have a written record of all communications. Therefore, **all communication between your firm and me must be in writing**.

Please be advised that this claim is disputed and if you have reported any negative information regarding me to any credit bureau, you must immediately remove any such negative reference. If you fail to do so, and I am denied employment at the position I am in the process of applying for, I will be entitled to damages under the federal Fair Credit Reporting Act.

Govern your actions accordingly.

Very truly yours,

Scott K. Risley